LAW OFFICES OF
# Christopher E. Chang
140 BROADWAY
FORTY-SIXTH FLOOR
NEW YORK, NEW YORK 10005

TELEPHONE
(212) 208-1470

(212) 208-1468 (fax)
e-mail: cechang@juno.com

March 2, 2012

**By ECF**

Honorable Sandra L. Townes
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

      RE: United States v. DiMichele, *et al.*
          Cr No. 10-147 (S-4)

Your Honor:

      My office and the firm Doar Rieck Kaley & Mack represent defendant Michael Sciaretta in the above-referenced action. On behalf of Mr. Sciaretta, we are writing to oppose the government's motion to empanel an anonymous jury for the trial of this case as well as renew our motion for severance and a separate trial for Mr. Sciaretta.

      Put simply, none of the five (5) factors relied upon by courts in deciding whether to empanel an anonymous jury apply to Mr. Sciaretta. *See United States v. Thai*, 29 F.3d 785, 801 (2d Cir. 1994) (**i.** seriousness of the charges; **ii.** dangerousness of the defendant; **iii.** defendant's ability to interfere with the jury; **iv.** previous attempts to interfere with the judicial process by defendant or through associates; **v.** public and media attention expected during the trial).

      First, Mr. Sciaretta is, at most, a peripheral defendant in this case. In the government's most recent 27-count Superceding Indictment, Mr. Sciaretta is charged in only two counts: Count Thirteen (wire fraud conspiracy) and Count Fourteen (wire fraud). The government's claim is Mr. Sciaretta cheated his employer out of $2,500. Next, the government has never alleged or even suggested Mr. Sciaretta is a "dangerous" person or has any ties to organized crime. Further, the government does not allege Mr. Sciaretta has the ability to interfere with the jury and, because prior to this case Mr. Sciaretta had never been arrested, there obviously is no allegation by the government Mr. Sciaretta has previously attempted to interfere with a jury. Finally, it is safe to say that if Mr. Sciaretta's case was tried separately from the other defendants there would be *no* media coverage of Mr. Sciaretta's trial.

Honorable Sandra L. Townes -2- March 2, 2012

      If Mr. Sciaretta is tried with his current co-defendants before an anonymous jury, he will suffer a horrendous disadvantage which goes well beyond the prejudice he faces by reason of the Court's disinclination previously to sever his case from the so-called "organized crime" defendants. Because a severance will address both of these problems, we again urge the Court to exercise its discretion to separate Mr. Sciaretta from those defendants for whom the government urges an anonymous jury is appropriate.

                                        Respectfully submitted,

                                        Christopher E. Chang

cc: All Counsel of Record