LAW OFFICES OF
# CHRISTOPHER E. CHANG
140 BROADWAY
FORTY-SIXTH FLOOR
NEW YORK, NEW YORK 10005

TELEPHONE
(212) 208-1470

(212) 208-1468 (fax)
e-mail: cechang@juno.com

May 23, 2012

**By ECF**

Honorable Sandra L. Townes
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

        RE: United States v. DiMichele, *et al.*
           CR No. 10-147 (S-4)(SLT)

Your Honor:

      I am one of the attorneys representing defendant Michael Sciaretta in the above-referenced action. On behalf of Mr. Sciaretta, I submit this opposition to the government's motion dated May 9, 2012 requesting the Court to reconsider its May 1, 2012 order which granted our March 2, 2012 application for a severance and separate trial of Mr. Sciaretta.[1] The Court's decision was correct on May 1, 2012 and, with greater force, it is still correct.

      At pp. 17-18 of its memorandum of law in support of its motion, the government makes the following statement:

> In light of the Court's prior rulings, the Court's recent severance of [defendants Louis] Romeo and [Michael] Sciaretta appears to reflect a determination that a trial of seven defendants could become unwieldy.

The government's statement is both presumptuous and incorrect.

      Our March 2, 2012 application for a severance and separate trial of Mr. Sciaretta was made in connection with the government's motion to empanel an anonymous and partially sequestered jury for the trial of this case. It followed the government's filing of a superceding indictment which added a new defendant and a new murder charge. Our argument in support of severance was two-fold: first, severance was warranted because none of the factors relied upon by

---

[1] This opposition is submitted in accordance with and within the time provided by Local Criminal Rule 12.1(b).

Honorable Sandra L. Townes -2- May 23, 2012

courts in deciding whether to empanel an anonymous jury applied to Mr. Sciaretta and, second, severance was required because of the prejudice to Mr. Sciaretta in being tried with the so-called "organized crime" defendants charged with crimes of violence with which Mr. Sciaretta had no involvement, nor is he even alleged to have been involved. In granting our March 2, 2012 severance request, the Court obviously considered -- and adopted -- our two arguments. This being the case the fact that some of the other defendants in the case have pled guilty is immaterial and not a basis for rescinding the Court's May 1, 2012 order inasmuch as the reasons why Mr. Sciaretta was severed from the case continue to exist.

Further, since May 1, 2012 there has been a significant change in circumstances which makes reconsideration inappropriate. Mr. Sciaretta is not prepared to proceed to trial at this time. In reasonable reliance on the Court's May 1, 2012 order,[2] defense counsel for Mr. Sciaretta suspended trial preparation, have not participated in the flood of legal motions made in the last 23 days, and have undertaken other professional commitments. In light of the extensive pre-trial matters which have been addressed by the Court since its May 1, 2012 order -- which we have not monitored in detail given Mr. Sciaretta's severance -- the government's implicit suggestion in its motion that defense counsel for Mr. Sciaretta could be ready to proceed to trial on June 4th is divorced from reality.

Simply put, there exists no legal reason for the Court to reconsider its May 1, 2012 severance decision, the government has offered none, and at this late date Mr. Sciaretta cannot be ready for trial on June 4, 2012.

Respectfully submitted,

Christopher E. Chang

cc: All Counsel of Record

---

[2] The Court's May 1, 2012 order states: "The Court severs defendants Michael D. Sciaretta & Louis Romeo. Defendants Sciaretta, Romeo & DiMichele will be tried together subsequent to the co-defendants' trials set for June 4, 2012."